| Case No. | **CV 18-4022-DMG (Ex)** | Date | June 1, 2018 |
|---|---|---|---|

| Title | *Deborah Webb, et al. v. Liberty Insurance Corporation* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

On May 24, 2018, the Court ordered Defendant Liberty Insurance Corporation ("Liberty") to show cause why this case should not be remanded to Los Angeles County Superior Court on the ground of improper removal ("OSC"). [Doc. # 9.] On May 31, 2018, Liberty filed a response to the OSC, claiming that it timely removed the action based on diversity jurisdiction because the 30-day removal period provided by 28 U.S.C. section 1446(b) has not yet commenced. [Doc. # 10.]

Liberty's response demonstrates that the amount-in-controversy requirement has not been satisfied. Liberty received an email from Deborah Webb on December 29, 2017 wherein she stated that personal property valued at $40,000 was stolen and that appliances and fixtures valued at $200,000 had been stolen or replaced. *See* Boos Decl., Ex. E at 26 [Doc. # 10-1]. Liberty claims that the email "did not establish the amount in controversy" because it "was not a demand to Defendant[.]" *See* Def.'s Resp. at 6 [Doc. # 10]. By that logic, the police report in which Deborah Webb claimed that property valued at $200,000 was lost, stolen, or damaged did not satisfy the amount in controversy requirement either because it was not a demand. *See* Boos Decl., Ex. D at 24 [Doc. # 10-1]. Further, even if the proof of loss form Deborah Webb submitted to Liberty constitutes a demand, it shows only that she sought recovery of $40,000. *See* Boos Decl., Ex. C at 22 [Doc. # 10-1].

During the state court proceedings, Deborah Webb stated in an interrogatory response that whether she was seeking more than $75,000 in damages was "[t]o be determined[.]" *See* Boos Decl., Ex. B at 20 [Doc. # 10-1]. Liberty claims that this response, "coupled with the email" and the other aforementioned documents, "allowed [Liberty] to reasonably ascertain that the amount in controversy was in excess of $75,000." *See* Resp. to OSC at 6. Liberty's assertion that this indeterminate discovery response somehow rendered the amount in controversy reasonably certain is "merely speculation and conjecture" that cannot support removal jurisdiction. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Therefore,

Liberty has failed to discharge its burden of showing that jurisdiction is proper, *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009), and the Court **REMANDS** this action to Los Angeles County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**